**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NEHEMIAH ROLLE, JR.,            Case No. 1:19-cv-821

    Plaintiff,

                                                   Barrett, J.
    vs.                                          Bowman, M.J.

JENNIFER BURNAUGH,

    Defendant.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendant's motion to change venue and Defendants motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (See Docs. 4, 5). Upon careful review, the undersigned finds that Defendant's motion to dismiss is well-taken and should be granted.

### I. Background and Facts

Plaintiff's Complaint centers on two traffic citations both arising from an April 21, 2019 traffic stop in Morrow County, Ohio. Plaintiff was summoned to appear in Morrow County Municipal Court to address these traffic citations, which allege that Plaintiff was driving in excess of the posted speed limit and was not wearing a seatbelt. The citations, for which Plaintiff appeared in court and entered Not Guilty pleas, have been designated by Morrow County Municipal Court case numbers 2019 TRD 3122 and 2019 TRD 3123, respectively (Plaintiff's "Traffic Cases"). (See Complaint, Doc. 1, p. 8). Judge Burnaugh presided over these Traffic Cases up until the filing of the instant action. (See Id., generally).

1

While the Traffic Cases have been pending, Plaintiff filed a multitude of discovery-related and dispositive motions. In part, Plaintiff requested that the law enforcement officer who issued the traffic citations be ordered to provide notarized sworn affidavits, a deposition, and his full legal name. (See Id., p. 5, ¶ 6). Judge Burnaugh denied these specific requests, in part, but ordered the State to immediately provide Plaintiff with discovery in accordance with the applicable Ohio Rules of Criminal Procedure. Thereafter, following multiple continuances of the bench trial scheduled to address Plaintiff's Traffic Cases, Plaintiff filed, on numerous occasions, written motions to dismiss the Traffic Cases against him. (Id., pp. 4-5, ¶ 6). Judge Burnaugh denied these motions and set the Traffic Cases for trial, at which time Plaintiff would have an opportunity to challenge any evidence offered against him by the State. (See Id.). Plaintiff then filed the instant action on September 26, 2019, naming Judge Burnaugh. (Id.). Plaintiff's Traffic Cases remain pending, and a trial remains to be held. In his Complaint, Plaintiff alleges a litany of violations against Judge Burnaugh, including: violation of Plaintiff's 1st, 4th, 5th, and 14th Amendment rights in connection with 42 U.S.C. § 1983, 1985, and 1988; criminal fraud, obstruction of justice, criminal perjury; and misuse and abuse of power. (Id., passim). At many points in the Complaint, Plaintiff identifies himself as a "Black American citizen born in the United States" and alleges that Judge Burnaugh engaged in acts of "revenge and white supremacy racism" against him. (Id., pp. 4-5, ¶¶ 4-7, pp. 6-8).

While unclear, Plaintiff's Complaint appears to request dismissal of both Traffic Cases, and a declaratory judgment acknowledging a violation of his civil rights. (Id., pp. 5-8).

2

**II.     Analysis**

**A.     Standard of Review**

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. Id. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. Id. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Id. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Id.

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (*citing Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The Court is required to construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Lewis v. ACB Business Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences that are presented as factual allegations. Id. A complaint must contain either direct or reasonable inferential allegations

3

that support all material elements necessary to sustain a recovery under some viable legal theory. Id. at 406. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Factual allegations therefore "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

### B. Defendant' motion to dismiss is well-taken

Defendant Morrow County Municipal Court Judge Jennifer Murphy Burnaugh moves this Court to dismiss Plaintiff's Complaint (Doc. 1) for the following reasons: (1) the Eleventh Amendment to the United States Constitution bars Plaintiff's claims and divests this Court of subject matter jurisdiction; (2) the Complaint wholly fails to state a claim for which relief can be granted; and, (3) absolute judicial immunity further shields Defendant Judge Burnaugh from each of Plaintiff's claims.  Defendant's contentions are well-taken.

*1. Subject Matter Jurisdiction - Eleventh Amendment Immunity*

The Eleventh Amendment provides immunity that "bars all suits, whether for injunctive, declaratory, or monetary relief, against the state." *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)). This immunity applies to state officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165-66

(1985). Under Sixth Circuit precedent, state judges are state officials entitled to Eleventh Amendment immunity. *See McCormick v. Braverman*, 451 F.3d 382, 399, n. 16 (6th Cir. 2006). Should such immunity apply, "Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity." *Edwards v. Ky. Revenue Cabinet*, 22 Fed. App'x 392, 393 (6th Cir. 2001)

A federal court may have jurisdiction to hear suits by citizens against a state only if: (1) the state unequivocally consents to the suit, or (2) Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate state immunity. Pennhurst, 465 U.S. at 98; *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). The Sixth Circuit has held that the State of Ohio has not waived its Eleventh Amendment immunity in a § 1983 action. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). Furthermore, Congress did not abrogate Ohio's immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 338, 345 (1979).

Here, Defendant contends that Plaintiff's claims against Judge Burnaugh, acting in her official capacity as a state judge, are barred by the Eleventh Amendment because they constitute a suit against the state. Notably, Ohio has not unequivocally consented to the suit, and Congress has not unequivocally expressed its intent to abrogate state immunity. Here Plaintiff makes no showing and provides no facts that override Judge Burnaugh's Eleventh Amendment immunity. Accordingly, the undersigned agrees that Plaintiff's claims against Judge Burnaugh are jurisdictionally barred by the Eleventh Amendment. As such, this Court lacks subject matter jurisdiction and should dismiss Plaintiff's claims.

*2. Failure to State a Claim*

Assuming *arguendo*, that Plaintiff can establish that subject matter jurisdiction exists, Defendant further contends that Plaintiff's complaint fails to state a cognizable claim for relief.  Namely, Defendant asserts that Plaintiff's Complaint includes only threadbare labels, conclusions, and unwarranted factual inferences all masquerading as claims. Plaintiff's Complaint contains overly broad assertions about his constitutional rights but fails to identify any specific facts underlying his alleged claims. Plaintiff fails to mention the specific Traffic Cases until the final page of the Complaint. (See Complaint, p. 8)., Plaintiff also refers to Judge Burnaugh a "New York State Official" and references the New York State Constitution several times, likely an error in copying and pasting text from separate, unrelated litigation. (See Id.). Plaintiff includes extreme language regarding Judge Burnaugh's claimed abuse of power, obstruction of justice, fraud, and perjury, yet is unable to articulate any specific conduct underlying these claims. (See Id., generally). Plaintiff goes so far as to connect Judge Burnaugh to acts of "white supremacy racism" without a shred of support, an allegation so offensive and outrageous as to warrant no further response. (See Id., p. 4, ¶ 4)

Defendant further argues that Plaintiff's arguments are premature, because his traffic cases remain pending. Notably, he has not been convicted, he has not been ordered to pay any fine or costs, and he has not yet participated in a trial. In sum, Plaintiff has no underlying damages and/or convictions to seek review from any court, let alone this Court. To the extent that the Complaint attacks Judge Burnaugh's decisions denying his various motions to dismiss, Plaintiff appears to be seeking direct review of what is a pending, unresolved, un-appealed state court case. (Complaint., p. 5). As a result, the

*Rooker-Feldman* doctrine prohibits Plaintiff's claims and this Court's jurisdiction. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415- 16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)(Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state court decisions).

Last, Defendant argues that absolute judicial immunity provides an independent basis for dismissal of Plaintiff's claims against Judge Burnaugh. It is well-established that judicial immunity bars suit against judicial officers under § 1983, whether suit is brought for money damages or for injunctive and declaratory relief – with limited exceptions inapplicable to this case. See generally 42 U.S.C. § 1983; *Pierson v. Ray*, 386 U.S. 547, 18 L.Ed.2d 288, 87 S.Ct. 1213 (1967). Further, the doctrine attaches to judicial acts, not merely the judicial actors. *Glasscock v. Vill. of Mt. Orab*, Case No. 1:15-cv-454 at *19, 2016 U.S. Dist. LEXIS 52941 (S.D. Ohio 2016). Here, all complained of decisions in Plaintiff's underlying and pending state court Traffic Cases were judicial in nature. The Complaint explicitly alleges that Judge Burnaugh acted in a judicial capacity while presiding over Plaintiff's Traffic Cases.

### III. CONCLUSION

In light of the foregoing, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 5) be **GRANTED;** Defendant's motion to transfer venue (Doc. 4) be **DENIED as MOOT** and this case be **CLOSED.**

 *s/ Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

NEHEMIAH ROLLE, JR.,

    Plaintiff,

        vs.

JENNIFER BURNAUGH,

    Defendant.

Case No. 1:19-cv-821

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

8