UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,

    Plaintiff,

vs.

JENNIFER BURNAUGH,

    Defendant.

Case No. 1:19-cv-821

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On June 5, 2020, the Clerk entered judgment in favor of Defendant after the Court granted Defendant's motion to dismiss Plaintiff's complaint. (Docs. 15, 16). This civil action is now before the Court on Plaintiff's motion to vacate judgment pursuant to Rule 59 and Rule 60 of the Federal Rules of Civil Procedure. (Doc.17).

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. If filed within ten days of judgment, the district court may treat the motion as one to alter or amendment judgment pursuant to Rule 59(e). *Westerfield v. United States*, 366 Fed. Appx. 614, 619 (6th Cir. 2010). A Rule 59(e) motion "may be granted to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Id.*

Additionally, Rule 60(b) outlines the circumstances in which relief from a court's final judgment or order is appropriate:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

1

> misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief bears the burden of proving entitlement to relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising*, 538 F.3d 448, 454 (6th Cir. 2008). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Hall v. City of Williamsburg*, 6th Cir. No. 18-5618, 2019 U.S. App. LEXIS 9484, at *31 (Apr. 1, 2019) (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Plaintiff has not alleged any facts or cited any legal authority which suggests that relief from judgment is warranted. Plaintiff's motion simply rehashes his previous arguments and fails to provide any grounds for Rule 59 relief or present any new evidence or matters that meet Rule 60(b), including the 60(b)(6) standard. Accordingly, it is therefore **RECOMMENDED** that Plaintiff's motion to vacate judgment (Doc. 17) be **DENIED.**

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NEHEMIAH ROLLE, JR.,                                              Case No. 1:19-cv-821

    Plaintiff,

                                                                                    Barrett, J.
    vs.                                                                     Bowman, M.J.

JENNIFER BURNAUGH,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).